101 F.3d 686
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Joseph Allen ROSS, Plaintiff-Appellant,
v.
Lee JEWETT, Pilar McDermott, Vincent Nigro Defendants-Appellees.
 No. 96-2004.
 United States Court of Appeals, Second Circuit.
 June 7, 1996.
 
 APPEARING FOR APPELLANT: Joseph Allen Ross, Dannemora, NY, pro se
 APPEARING FOR APPELLEE: Dennis C. Vacco, Attorney General of the State of New York, Albany, NY; Peter Schiff, Deputy Solicitor General, Albany, NY; Patrick Barnett-Mulligan, Assistant Attorney General, Albany, NY.
 N.D.N.Y.
 AFFIRMED.
 Present Honorable LUMBARD, Honorable GRAAFEILAND and Honorable LEVAL, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 3
 Joseph Allen Ross, pro se and incarcerated, appeals from a grant of summary judgment in favor of the defendants by the United States District Court for the Northern District of New York (Thomas J. McAvoy, Chief Judge ). Ross alleges violations of his equal protection, due process, and Eighth Amendment rights arising out of two disciplinary hearings and a 60-day keeplock confinement. He claims that his hearing officer was biased, that he was denied the right to call certain witnesses, and that the keeplock was inappropriate because of an existing medical condition.
 
 
 4
 For the reasons stated in the district court's thorough opinion, we find Ross's due process and Eighth Amendment claims to be meritless. In short, there was no evidence that the hearing officer was biased; the witnesses who were not called were fairly found to be redundant or irrelevant; and there was no credible showing that the hearing officer was aware of Ross's medical condition, let alone that the condition precluded his being held in keeplock. Further, we find Ross's equal protection claim, in addition to not being raised below, to be without basis.
 
 
 5
 Summary judgment was properly granted in favor of the defendants.